THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEVE LEWIS,<br><br>    Plaintiff,<br><br>  v.<br><br>RICHARD PHAN and LINH D. PHAN,<br><br>    Defendants. | CASE NO. C19-0314-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff Steve Lewis's motion to reopen discovery and continue trial (Dkt. No. 46). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion in part for the reasons explained herein.

**I. BACKGROUND**

Plaintiff Steve Lewis alleges that he attempted to enter Dong Thap Noodles in 2018 and was unable to access the restaurant because he uses a wheelchair and the only public entrance to the restaurant requires customers to climb stairs. (*See* Dkt. No. 3 at 3–4.) Defendants Richard and Linh Phan own the property on which Dong Thap Noodles is located. (*See id.* at 5, 7.) Mr. Lewis alleges that the Phans violated federal and state laws against disability discrimination and seeks injunctive relief and damages. (*See id.* at 8–9.)

Mr. Lewis filed the complaint in March 2019, and the Court scheduled the discovery

deadline for November 11, 2019 and trial for March 9, 2020. (*See* Dkt. Nos. 1, 3, 16.) After the discovery deadline passed, the parties filed cross-motions for summary judgment, which the Court resolved in February 2020. (*See* Dkt. Nos. 18, 22, 25.) On February 28, 2020, ten days before trial, the Court continued the trial and certain pretrial deadlines, but noted that "All other deadlines remain unchanged." [1] (Dkt. No. 26.) On May 27, 2020, the Court filed a letter on the docket explaining that, despite the COVID-19 pandemic, "it is important to maintain existing case schedules to the greatest extent possible" and that "the Court will keep the current pretrial deadlines absent a showing of good cause to extend the deadlines." (Dkt. No. 29.) As a result of the COVID-19 pandemic, the Court continued the trial two more times, ultimately scheduling it for April 26, 2021. (*See* Dkt. Nos. 32, 37.)

On October 5, 2020, nearly eleven months after the discovery deadline passed, Mr. Lewis filed a "Disclosure of Expert Testimony" and a report from David Nash estimating how much it would cost the Phans to alter the property to comply with standards Mr. Lewis argues are required by the ADA. (Dkt. No. 38.) On November 9, 2020, Mr. Lewis filed a subpoena commanding the deposition of Seattle Dong Thap Noodles LLC and the production of certain documents. (Dkt. No. 44.) Later that afternoon, the parties contacted the Courtroom Deputy and requested that the Court entertain telephonic argument about whether the discovery deadline had passed. Because the discovery deadline was apparent from the face of the docket, the Court denied the parties' request for oral argument but entered a minute order holding that the discovery deadline passed on November 11, 2019. (*See* Dkt. No. 45.)

Mr. Lewis now moves to continue the trial by two months and reopen discovery so that: (1) his expert disclosure will be considered timely, (2) the written discovery he served on October 29, 2020 will be considered timely, (3) he can "conduct a limited number of depositions" and then follow up with more written discovery if necessary. (Dkt. No. 46 at 3.) Mr.

---

[1] The other deadlines the Court extended were for the proposed pretrial order and the parties' trial briefs. (*See* Dkt. No. 26.)

Lewis's motion cites to two declarations that purportedly contain additional information, but he never filed these declarations so the Court cannot consider them. (*Id.* at 2–3.) In reply, Mr. Lewis argues that there is good cause to reopen discovery so he can seek discovery regarding two events that occurred after the discovery deadline passed: Defendants were approved to make improvements to the property and Defendants allegedly transferred the property to an LLC.[2] (*See* Dkt. No. 48 at 3.) Defendants argue that the Court should not reopen discovery because Mr. Lewis was not diligent in pursuing discovery sooner. (*See* Dkt. No. 47 at 2.)

## II.  DISCUSSION

The Court may modify a scheduling order if a party demonstrates "good cause." Fed. R. Civ. P. 16(b)(4). When analyzing whether there is good cause to reopen discovery, the Court considers the following factors:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017) (quoting *United States ex rel. Schumer v. Hughes Aircraft Co.*, 63 F.3d 1512, 1526 (9th Cir. 1995)). The good cause standard focuses primarily on "the diligence of the party seeking" to modify the case schedule. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.* "If that party was not diligent, the inquiry should end." *Id.*

It is not clear whether Mr. Lewis requests that the Court reopen discovery wholesale,

---

[2] Mr. Lewis's opening motion mentioned this discovery briefly but did not provide any detail. (*See* Dkt. No. 46 at 3 ("Plaintiff has uncovered new information regarding the property being transferred and new permitting for construction that has taken place during this litigation that was not disclosed to Plaintiff by Defendants.")).

with no limitations whatsoever, or whether he requests that the Court reopen discovery only for the specific discovery identified in his motion. In any event, the Court's analysis differs with respect to discovery that Mr. Lewis could have pursued before the deadline passed and discovery regarding events that occurred after the discovery deadline.

### A.  Discovery That Could Have Been Conducted Before the Deadline

Mr. Lewis could have pursued much of the discovery he now seeks before the deadline passed. Specifically, Mr. Lewis seeks to subpoena documents from Seattle Dong Thap Noodles and depose the restaurant's corporate representative but does not explain why he did not pursue that discovery in the eight months between when the complaint was filed and the discovery deadline. (*See* Dkt. Nos. 44, 46.) Similarly, Mr. Lewis requests that the Court allow him to serve his expert report eleven months late but does not explain why he did not serve the report before the discovery deadline passed. (*See* Dkt. Nos. 38, 46.) Mr. Nash's report indicates that it is based entirely on information that was available to Mr. Lewis well within the discovery period, including a site inspection by Mr. Lewis's counsel on August 23, 2019, more than two months before the discovery deadline and more than *one year* before Mr. Lewis disclosed the expert witness. (*See* Dkt. No. 38 at 9–10.) It was readily foreseeable from the outset of the case that this discovery could be relevant. Absent any explanation for the delay, the Court can only conclude that Mr. Lewis was not diligent in pursuing this discovery.

Mr. Lewis appears to argue that there is good cause to reopen discovery because he misunderstood when the discovery deadline was and because he chose not to pursue discovery while attempting to settle this matter. (*See* Dkt. No. 46 at 2.) Neither reason constitutes good cause for reopening discovery.

First, the discovery deadline was clear from the face of the docket. The Court's scheduling order set the original trial date for March 9, 2020 and the discovery deadline for 120 days before trial (i.e., November 11, 2019). (Dkt. No. 16.) Three months after that deadline passed, and after the Court resolved the parties' summary judgment motions, the Court continued

the trial date and certain trial-related deadlines. (*See* Dkt. No. 26.) Nothing in that order indicated that the Court was reopening discovery. (*Id.*) Indeed, the order stated expressly: "All other deadlines remain unchanged." (*Id.*) Mr. Lewis's misunderstanding of the discovery deadline does not constitute good cause to reopen discovery.

Second, Mr. Lewis's strategic decision to not serve discovery while attempting to settle the matter also does not constitute good cause to extend the deadline. The discovery period lasted over eight months, and the Court is skeptical that settlement negotiations consumed all of that time. But even if the parties needed additional time to attempt to settle, the appropriate course would have been to request that the Court stay the matter or extend the case schedule, not to ignore the Court's deadlines and attempt to reopen discovery nearly a year after it closed. *See* W.D. Wash. Local Civ. R. 16(b)(6) ("Mere failure to complete discovery within the time allowed does not constitute good cause for an extension or continuance.").

For the foregoing reasons, the Court DENIES Mr. Lewis's motion to reopen discovery to serve Mr. Nash's expert report, to depose Seattle Dong Thap Noodles LLC, or to serve additional written discovery regarding events that occurred before the discovery deadline passed.

**B.      Events That Occurred After the Discovery Deadline**

In his reply brief, Mr. Lewis argues that the Court should reopen discovery so that he may explore events that occurred after the discovery deadline passed. Specifically, Mr. Lewis alleges that the Phans received new construction permits on November 13, 2020, and that any further construction will affect which legal standard the Court must apply. (Dkt. No. 48 at 3.) Mr. Lewis also alleges that Defendants transferred the property to an LLC in May 2020. (*Id.*) Although Mr. Lewis mentioned this discovery in passing in his opening brief, he did not sufficiently develop his argument until reply, and even then, he did not explain what additional information he seeks. (*See* Dkt. No. 48.) This deprived Defendants of a reasonable opportunity to respond.

The Court ORDERS supplemental briefing regarding the new construction permits and

the alleged transfer of the property to an LLC. Specifically, within ten days of the date of this order, the parties shall meet and confer regarding this discovery. If the parties cannot reach an agreement, within 14 days of the date of this order Plaintiff shall file a brief no longer than seven pages explaining (1) what additional discovery regarding the permits and LLC transfer he seeks, (2) why that discovery is relevant, and (3) why the *Pomona* standard is satisfied or why Defendants are obligated to supplement their discovery responses to provide this information. Defendants shall respond seven days later with a brief no longer than seven pages. No reply brief is authorized.

### III.   CONCLUSION

For the foregoing reasons, the Court DENIES in part Plaintiff's motion to reopen discovery and continue trial (Dkt. No. 46).

DATED this 9th day of February 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE